UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGARDO ENRIQUE MARTINEZ,<br><br>        Petitioner,<br><br>   v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>        Respondent. | No. CV 19-5235 (FFM)<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY |

On April 15, 2019, petitioner Edgardo Enrique Martinez ("Petitioner"), a California prisoner, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), pursuant to 28 U.S.C. § 2254. (Docket No. 1.) The Petition appears to challenge two sentencing enhancements imposed following Petitioner's 2009 convictions in the Superior Court of Los Angeles County.

/ / /

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). Petitioner submitted the Petition to prison authorities on April 15, 2019. The Petition is therefore deemed filed on that date.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), ub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). The Petition does not contain sufficient information for the Court to determine precisely when Petitioner's convictions became final. However, because the Petition was not filed until April 15, 2019, it appears to be untimely, absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Bell v. Barnes*, 2013 WL 5548621, at *4 (C.D. Cal. Oct. 4, 2013) (citations omitted) (finding that petition filed one day late is untimely).

2. **STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The Petition does not state whether Petitioner filed any state habeas petitions with respect to the convictions at issue. Therefore, Petitioner has not shown that he is entitled to statutory tolling.

3. **EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner has demonstrated neither that any extraordinary circumstances prevented him from filing a timely petition nor that he diligently pursued his right to file. Accordingly, Petitioner has not shown that he is entitled to equitable tolling.

**4.      ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the Petition does not demonstrate any basis for statutory or equitable tolling, or for setting aside the one-year limitation, the Court orders Petitioner to show cause in writing within thirty (30) days of the date of this order why the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: July 12, 2019

/S/FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge